4

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
NICHOLAS L. KOHLMEYER, State Bar 299087
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Chapter 7 Trustee
Alan S. Fukushima

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>TODD ALLEN SHAW,<br><br>Debtor. | Case No. 16-23600-E-7<br>Chapter 7<br><br>DNL-4<br><br>Date: March 9, 2017<br>Time: 10:30 a.m.<br>Place: Dept. E, Courtroom 33<br>501 I Street, 6th Floor<br>Sacramento, CA. 95814 |

## MOTION TO APPROVE COMPROMISE

ALAN S. FUKUSHIMA ("Trustee"), in his capacity as Chapter 7 trustee for the bankruptcy estate of TODD ALLEN SHAW ("Debtor"), hereby moves for an order approving his stipulation with the Debtor, as detailed herein. In support thereof, the Trustee submits the following:

### JURISDICTION AND BACKGROUND

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief is sought pursuant to Federal Rule of Bankruptcy Procedure 9019.

1

2.     On May 31, 2016, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition.

3.     Prior to filing his bankruptcy, on or about October 20, 2015, the Debtor commenced an action against James Goldberg, M.D., Amber Bender, P.A., and Anne Marie McLellen, D.O., Sacramento County Superior Court Case No. 34-2015-00185750 ("State Court Case"), asserting certain medical malpractice claims. The State Court Case was commenced on behalf of the Debtor by Poswall White & Brelsford ("Poswall"). The medical malpractice claims allege the Debtor sustained injuries related to his gallbladder, including the ultimate removal of his gallbladder, after the Debtor complained of abdominal pain and the radiology report failed to mention any positive findings concerning abnormal gallbladder wall thickening.

4.     The Debtor's original schedules failed to disclose his interest in the State Court Case. The Debtor contends that the failure to disclose was inadvertent. The Trustee was initially alerted to the State Court Case by Poswall. On November 16, 2016, the Debtor filed amended schedules disclosing his interest in the State Court Case, valuing it in an unknown amount (although stating at least $100,000 in the claim description), and claiming an exemption against the underlying claims in the amount of $0.00 pursuant to California Code of Civil Procedure Section 704.130(b)(11)(D) (payment not to exceed $25,575 on account of personal bodily injury). The Debtor also has unused exemption amounts available under California Code of Civil Procedure Section 703.140(b)(5) (wildcard) in the amount of $17,817.

5.     On December 12, 2016, the Bankruptcy Court entered an order granting DNL-2, the Trustee's application to employ Poswall as special counsel to pursue the bankruptcy estate's interest in the State Court Case. The terms of employment provide that the proceeds of any recovery from the State Court Case shall first be applied to reimburse Poswall for costs and expenses advanced, and then the amount for attorney's fees will be a contingent fee calculated as follows: 40% of the fist $50,000 recovered, 33 1/3% of the next $50,000, 25% of the next $500,000, and 15% of the recovery over $600,000.

///

///

6.  On January 13, 2017, the Trustee took part in a mediation session concerning the claims asserted in the State Court Case. The mediation was conducted by attorney and mediator Ernest A. Long. At the mediation, subject to Bankruptcy Court approval, the Trustee reached a settlement of the State Court Case providing for a gross settlement payment of $50,000.[1] After deducting Poswall's costs of $5,198.59 and fees of $17,920.56 (40% of $50,000), the net settlement amount is $26,880.85.

## TERMS OF STIPULATION

To facilitate the Trustee's settlement of the State Court Case and resolve the Debtor's claims of exemption against the underlying claims, subject to Bankruptcy Court approval, the Trustee entered into the following stipulation with the Debtor regarding the Debtor's claims of exemption:

(1) Any recovery on account of the State Court Case shall be distributed as follows, first, to Poswall for allowed attorney's fees and costs incurred prosecuting the State Court Case, as approved by the Bankruptcy Court; and second, from the remaining amount (i.e. net recovery), 50% to the bankruptcy estate and 50% to the Debtor;

(2) The Debtor irrevocably waives any and all claims of exemption available under any applicable law that has been made or that could be made against the bankruptcy estate's 50% portion of the net recovery from the State Court Case; and

(3) Any settlement of the State Court Case by the Trustee shall be subject to Bankruptcy Court approval under Federal Rule of Bankruptcy Procedure 9019.

## RELIEF SOUGHT

The Trustee requests Bankruptcy Court approval of his stipulation with the Debtor.

## BASIS FOR RELIEF SOUGHT

When deciding whether a proposed settlement under Federal Rule of Bankruptcy 9019 should be approved, the court should consider whether the settlement is fair and equitable. *In re Planned Protective Service, Inc.*, 130 B.R. 94, 96 (Bankr. C.D. Cal. 1991). In evaluating the fairness, reasonableness and adequacy of the proposed compromise, the court should consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the

---

[1] The Trustee is filing a separate motion to approve his settlement of the State Court Case.

3

matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988), citing *In re A & C Properties*, 784 F.2d 1377, 1381, cert. denied 107 S.Ct. 189 (1986).

As detailed in the Trustee's accompanying, the stipulation is in the best interest of the estate. While the Trustee could object to any claim of exemption against the State Court Case on account of the Debtor's failure to initially disclose his interest in the case and the underlying claims, the Trustee's success in such litigation is ultimately unknown and would likely depend on the application of state law defenses to exemptions, e.g. estoppel. While the matter is not particularly complex, the stipulation eliminates the expense and delay associated with litigation. More importantly, given the difference between the net amount in dispute ($26,880.85), and the amount recovered by the Trustee under the stipulation ($13,440.42), the risks and costs of such litigation are particularly significant. Given that the merits of the available exemptions are not necessarily in dispute, should the Debtor be allowed to claim exemptions despite failing to initially disclose his interest in the State Court Case, the Debtor would be able to exempt the full amount of the net recovery from the State Court Case. The stipulation will enable a sure recovery to the estate of approximately $13,440 without the risks, delay, and expense associated with litigation.

**WHEREFORE**, the Trustee respectfully requests that the motion be granted and for such other and further relief as is necessary and proper.

Dated: February ___, 2017         **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____
J. LUKE HENDRIX
Attorneys for Alan S. Fukushima
Chapter 7 Trustee

4