5

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
NICHOLAS L. KOHLMEYER, State Bar 299087
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Chapter 7 Trustee
Alan S. Fukushima

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

In re:

TODD ALLEN SHAW,

　　　　　Debtor.

Case No. 16-23600-E-7
Chapter 7

DNL-5

Date: March 9, 2017
Time: 10:30 a.m.
Place: Dept. E, Courtroom 33
　　　　501 I Street, 6th Floor
　　　　Sacramento, CA. 95814

## MOTION TO APPROVE COMPROMISE

ALAN S. FUKUSHIMA("Trustee"), in his capacity as Chapter 7 trustee for the bankruptcy estate of TODD ALLEN SHAW ("Debtor"), hereby moves for an order approving his settlement of the claims asserted in Sacramento County Superior Court Case No. 34-2015-00185750 ("State Court Case"), subject to any overbidding, as detailed herein. In support thereof, the Trustee submits the following:

///

///

///

1

## JURISDICTION AND BACKGROUND

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief is sought pursuant to Federal Rule of Bankruptcy Procedure 9019.

2. On May 31, 2016, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition.

3. Prior to filing his bankruptcy, on or about October 20, 2015, the Debtor commenced the State Court Case against James Goldberg, M.D., Amber Bender, P.A., and Anne Marie McLellen, D.O., Sacramento County Superior Court Case No. 34-2015-00185750, asserting certain medical malpractice claims. The State Court Case was commenced on behalf of the Debtor by Poswall White & Brelsford ("Poswall"). The medical malpractice claims allege the Debtor sustained injuries related to his gallbladder, including the ultimate removal of his gallbladder, after the Debtor complained of abdominal pain and the radiology report failed to mention any positive findings concerning abnormal gallbladder wall thickening.

4. The Debtor's original schedules failed to disclose his interest in the State Court Case. The Debtor contends that the failure to disclose was inadvertent. The Trustee was initially alerted to the State Court Case by Poswall. On November 16, 2016, the Debtor filed amended schedules disclosing his interest in the State Court Case, valuing it in an unknown amount (although stating at least $100,000 in the claim description), and claiming an exemption against the underlying claims in the amount of $0.00 pursuant to California Code of Civil Procedure Section 704.130(b)(11)(D) (payment not to exceed $25,575 on account of personal bodily injury). The Debtor also has unused exemption amounts available under California Code of Civil Procedure Section 703.140(b)(5) (wildcard) in the amount of $17,817.

5. On December 12, 2016, the Bankruptcy Court entered an order granting DNL-2, the Trustee's application to employ Poswall as special counsel to pursue the bankruptcy estate's interest in the State Court Case. The terms of employment provide that the proceeds of any recovery from the State Court Case shall first be applied to reimburse Poswall for costs and expenses advanced, and

1  then the amount for attorney's fees will be a contingent fee calculated as follows: 40% of the fist
2  $50,000 recovered, 33 1/3% of the next $50,000, 25% of the next $500,000, and 15% of the recovery
3  over $600,000.

4  6.  To facilitate the Trustee's below-referenced settlement of the State Court Case and resolve the Debtor's claims of exemption against the underlying claims, subject to Bankruptcy Court approval, the Trustee entered into a stipulation with the Debtor regarding the Debtor's claims of exemption.[1] The essential terms of the stipulation provide for the following: (1) any recovery on account of the State Court Case shall be distributed as follows, first, to Poswall for allowed attorney's fees and costs incurred prosecuting the State Court Case, as approved by the Bankruptcy Court; and second, from the remaining amount (i.e. net recovery), 50% to the bankruptcy estate and 50% to the Debtor; and (2) the Debtor irrevocably waives any and all claims of exemption available under any applicable law that has been made or that could be made against the bankruptcy estate's 50% portion of the net recovery from the State Court Case.

## TERMS OF SETTLEMENT

On January 13, 2017, the Trustee took part in a mediation session concerning the claims asserted in the State Court Case. The mediation was conducted by attorney and mediator Ernest A. Long. At the mediation, subject to Bankruptcy Court approval, the Trustee reached a settlement of the State Court Case providing for a gross settlement payment of $50,000 in exchange for a dismissal with prejudice of the State Court Case and a release of all known and unknown claims against the defendants. After deducting Poswall's costs of $5,198.59 and fees of $17,920.56 (40% of $50,000), subject to Bankruptcy Court approval, the net settlement amount is $26,880.85.

## RELIEF SOUGHT

The Trustee requests Court approval of his settlement of the State Court Case.

## BASIS FOR RELIEF SOUGHT

Since the settlement amounts to an acquisition of a cause of action by a defendant, the settlement should be analyzed as both a compromise under Federal Rule of Bankruptcy Procedure 9019 and a sale under 11 U.S.C. Section 363. *See In re Lahijani*, 325 B.R. 282, 290

---

[1] The Trustee is filing a separate motion to approve his stipulation with the Debtor.

3

1  (9th Cir. BAP 2005). When deciding whether a proposed settlement under Federal Rule of
2  Bankruptcy 9019 should be approved, the court should consider whether the settlement is fair
3  and equitable. *In re Planned Protective Service, Inc.*, 130 B.R. 94, 96 (Bankr. C.D. Cal. 1991).
4  In evaluating the fairness, reasonableness, and adequacy of the proposed compromise, the court
5  should consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be
6  encountered in the matter of collection; (c) the complexity of the litigation involved, and the
7  expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest of the
8  creditors. *In Re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988), citing *In Re A & C Properties*, 784
9  F.2d 1377, 1381, cert. denied 107 S.Ct. 189 (1986). Further, a sale under Section 363(b)(1) must
10 have a valid business justification and be proposed in good faith. *In re 240 North Brand
11 Partners, Ltd.*, 200 B.R. 653, 659 (9th Cir. BAP 1996).

12        As detailed in the Trustee's accompanying memorandum of points and authorities, the
13 settlement is in the best interest of the estate. While the Trustee believes he would be successful
14 in litigation, his success in litigation is ultimately unknown. The Trustee is advised by his
15 special counsel that success in litigation will depend in part on expert testimony concerning the
16 actions of the defendants and the applicable standard of care and that the issue of establishing the
17 extent of damages could be particularly difficult. Also, the Trustee is advised that under
18 California law, non-economic damages (i.e. pain and suffering) in a medical malpractice actions
19 are capped at $250,000. The underlying claims at issue in the State Court Case are particularly
20 complex and the expert witness and other costs associated with trial are particularly significant
21 given the nature of the case, which would substantially reduce any recovery in addition to further
22 attorney's fees. The settlement was reached upon the advice of special counsel and after the
23 parties engaged in a mediation session with a neutral mediator that facilitated the settlement.
24 Through the settlement (supported by the Debtor), and the Trustee's separate agreement with the
25 Debtor regarding his claims of exemption against the State Court Case, the settlement will ensure
26 a recovery to the estate on account of the claims asserted in the State Court Case without the
27 risks, delay, and expenses associated with litigation. Finally, anyone interested in bidding more
28 will have an opportunity to do so at the approval hearing.

**WHEREFORE**, the Trustee respectfully requests that the motion be granted and for such other and further relief as is necessary and proper.

Dated: February 8, 2017          DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____
J. LUKE HENDRIX
Attorneys for Alan S. Fukushima
Chapter 7 Trustee